**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDLY PELITA SEPANG,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-75033<br><br>Agency No. A095-634-551<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Randly Pelita Sepang, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We review de novo the agency's legal determinations, *id*., and claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The record does not compel the conclusion that Sepang filed his asylum application within a reasonable period of time after any changed circumstances. *See* 8 C.F.R. § 1208.4(a); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, Sepang's asylum claim fails.

Sepang does not contend he suffered past persecution. He contends he is a member of a disfavored group because he is Christian, but does not contend he has been previously targeted as a member of this group. Even as a member of a disfavored group, *see Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010), the record does not compel the conclusion that Sepang faces a clear probability of future persecution, *see Wakkary*, 558 F.3d at 1066 (a petitioner's showing that he is a member of a disfavored group must be "coupled with a showing that [he], in particular, is likely to be targeted as a member of that group") (internal citation and quotation omitted). Accordingly, we deny the petition as to Sepang's withholding of removal claim.

07-75033

To the extent Sepang contends the agency violated his due process rights by failing to consider certain documentary evidence regarding the timeliness of his asylum application, Sepang cannot demonstrate prejudice. *See Colmenar*, 210 F.3d at 971 (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

07-75033